MEMORANDUM ***
William Terry Bradford appeals the district court’s denial of his petition under 28 U.S.C. § 2254, wherein Bradford alleged that his due process rights were violated as a result of the thirteen-year delay between his wife’s murder and his trial for that crime. We affirm.
Bradford has not shown that the state court decision “was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d)(2). Nor has he rebutted the state courts’ factual findings by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Taylor v. Maddox, 366 F.3d 992, 1000-01 (9th Cir.2004). Given the state courts’ findings, which we presume to be correct, see id., Bradford has not shown that he suffered any actual, non-speculative prejudice. United States v. Lovasco, 431 U.S. 783, 789-90, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977) (“[Pjroof of prejudice is generally a necessary but not sufficient element of a due process claim.”); United States v. Barken, 412 F.3d 1131, 1134 (9th Cir.2005) (“[A] defendant must prove that he suffered actual, non-speculative prejudice from the delay, meaning proof that demonstrates exactly *409 how the loss of evidence or witnesses was prejudicial.”) (citations and internal quotation marks omitted).
Even if he could show that he suffered actual prejudice, Bradford is unable to demonstrate that the state court adjudication was “contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.” See 28 U.S.C. § 2254(d)(1). Accordingly, Bradford has not established that he is entitled to relief under § 2254.[1]
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. We decline to consider the uncertified issue raised by the Petitioner.